UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHILLIP TOVREA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1317 CDP |
| ) | |
| PHOENIX NETWORKS CORP., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This matter is before me on defendant Phoenix Networks Corporation's motion for summary judgment. Plaintiff Tovrea and the Trust for which he is trustee bring this suit for securities fraud. Phoenix argues that this action is barred by the statute of limitations. Tovrea admits that the statute of limitations bars claims under both the state and federal securities acts, but he seeks to reformulate his complaint as a suit for common-law fraud. Phoenix asserts that a common-law fraud claim is also time-barred, and that Tovrea has not plead such a claim with the particularity required by the Federal Rules. I agree with Phoenix that Tovrea failed to adequately research the facts and law before bringing this action. Tovrea's attempt to reshape his original complaint in the guise of a common-law fraud claim fails. Any possible claim for fraud is either time-barred or insufficiently plead. I will grant defendant's motion.

**I.  Background**[1]

Plaintiff Phillip Tovrea brings this action in his capacity as trustee of plaintiff P.E.T. III Living Trust. On or about January 17, 2000, Tovrea purchased 5,000 shares of common stock in Phoenix Data Systems for $100,000 on behalf of the Trust. Phoenix Data Systems merged with and into defendant Phoenix Networks Corporation on May 10, 2000. On July 11, 2000, Phoenix Networks issued a letter to certain shareholders, including plaintiff, offering them the opportunity to rescind their purchase of stock in the corporation. The letter disclosed that Peter Roberts, the former Director and President of Phoenix, had criminal convictions and chemical dependency issues. The deadline for receipt of acceptance of rescission was 30 days from the letter date.[2] Tovrea admits to discussing the rescission offer with Dan Foster, President of Phoenix, at a meeting

---

[1] Plaintiff attempts to support his answer to defendant's statement of material facts with an unsigned and unnotarized affidavit. According to Local Rule 2.11, a document created for litigation, which is signed by someone other than the filing attorney, must be physically signed and the paper copy bearing the original signature must be retained by the filing attorney. When such a document is filed with a blank signature line, it must be accompanied by a verification in which the filing attorney attests to the existence of the signed original. On August 21, 2006, I granted plaintiff leave to file a signed affidavit out of time. As of this date, no signed affidavit or verification of signature has been filed. Even if signed, however, the affidavit would not help because it does not set forth facts based on personal knowledge that would be admissible in evidence, as required by Fed. R. Civ. P. 56.

[2] Defendant argues that plaintiff contradicts himself when he states that he never received "Exhibit A." Contrary to Phoenix's argument, the 'Exhibit A' filed by <u>plaintiff</u> in the supplement to his complaint [#14] is not the same 'Exhibit A' that <u>defendant</u> attached to his statement of material facts in support of summary judgment.

on July 26, 2000. Tovrea signed the offer for rescission and returned it by overnight mail on August 22, 2000. Due to the untimely receipt, Phoenix has refused to honor Tovrea's acceptance and rescind his stock purchase.

In October of 2000 Phoenix ceased active business activities and the shareholders have since approved a plan of dissolution and liquidation of the corporation. Currently, shares of common stock of Phoenix Networks appear to have no value.

Tovrea filed this securities fraud action against Phoenix Networks and three of its former employees on August 23, 2005. The claims against the three employees were dismissed after Tovrea failed to timely serve two of the defendants and failed to respond to a motion to dismiss filed by the third. Following partial dismissal, two claims remain against Phoenix Networks: a rescission of Phoenix stock claim and a SEC civil liabilities claim of false registration, brought under 15 U.S.C. § 77k et seq.

## II. Legal Standards

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court views the facts and inferences from the facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The

moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). At the summary judgment stage, I will not weigh the evidence and decide the truth of the matter, but rather I need only determine if there is a genuine issue for trial. Anderson, 477 U.S. at 249.

**III. Discussion**

Defendant Phoenix Networks Corporation filed a motion for summary judgment arguing that Tovrea's complaint is barred by the statute of limitations, and that he failed to timely exercise the right of rescission. Additionally, Phoenix asserts that Tovrea was not acting on behalf of the P.E.T. III Living Trust when he executed the untimely rescission.

Tovrea admits that the statute of limitations has run on his claims under § 409.411, Mo. Rev. Stat., of the Missouri Uniform Securities Act and under 15 U.S.C. § 77k of the Securities Act of 1933. However, Tovrea argues that he has

adequately pled the elements of Missouri common-law fraud. Although the statute of limitations, § 516.120, Mo. Rev. Stat., is five years for such an action, he alleges that Phoenix, through its officers, made promises to honor the untimely rescission after the corporation's merger with another corporation was complete. Tovrea states that he was not affirmatively told until November of 2000 that Phoenix had no intention of honoring his rescission, and therefore the statute of limitations was tolled until then. Tovrea has admitted, however, that he knew of the opportunity to rescind by July 26, 2000, when he met with Dan Foster.

Under Missouri law, the elements for a cause of action for fraudulent misrepresentation are: (1) a false, material representation; (2) a speaker's knowledge of its falsity or his ignorance of its truth; (3) a speaker's intent that it should be acted upon by the hearer in the manner reasonably contemplated; (4) a hearer's ignorance of the falsity of the statement; (5) a hearer's reliance on its truth and the right to rely thereon; and (6) a hearer's proximately caused injury. Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc., 406 F.3d 1052, 1064 (8th Cir. 2005) (quoting Gast v. Ebert, 739 S.W.2d 545, 547 (Mo. 1987)).

Federal Rule of Civil Procedure 9(b) requires that allegations of fraud be plead with particularity: "In all averments of fraud or mistake, the circumstances

constituting fraud or mistake shall be stated with particularity." "'Circumstances' include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." Commercial Property Investments, Inc. v. Quality Inns Intern., Inc., 61 F.3d 639, 644 (8th Cir. 1995) (quoting Bennett v. Berg, 685 F.2d 1053, 1062 (8th Cir. 1982)). Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient. Id. (citing In re Flight Transp. Corp. Sec. Litig., 593 F. Supp. 612, 620 (D. Minn. 1984)).

The statute of limitations in Missouri for a fraud action is five years:

> Within five years:
> ...
> (5) An action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud.

§ 516.120, Mo. Rev. Stat.

A plain reading of Tovrea's complaint reveals no pleading for common-law fraud. All of the counts in the complaint are titled and no count is labeled as a common-law fraud claim, nor do the facts common to all counts allege the details of any fraud claim. As for the first requirement of a fraud action, a false representation, in Tovrea's opposition to summary judgment motion he explains

that his case concerns a "continuing fraud." He argues that the fraud consisted of a "series of fraudulent statements" by Phoenix, including: concealing Mr. Robert's drug addiction and felony convictions, misrepresenting that Tovrea had only 30 days from the date of the letter to rescind and not 30 days from receipt,[3] and falsely telling Tovrea that it would honor his rescission after the imminent company merger. However, Tovrea admits that he learned of Robert's felon status with the offer of rescission. Also, on the Notice Regarding Rescission Offer, dated August 8, 2000, Tovrea crossed out the word "date" in the statement "I understand that if I elect to exercise my right of rescission, this form must be received by you within 30 days after the date of the letter," and wrote over it "receipt." The facts constituting any fraud claim as to either Roberts' criminal background or any misstatement of the law regarding the deadline of the rescission offer, accrued under § 516.120(5), Mo. Rev. Stat., by August 8, 2000, at the latest. The complaint in this case was filed on August 23, 2005, therefore the statue of limitations bars any common-law fraud claim.

As for Tovrea's allegations that Phoenix promised to honor his rescission but later refused to pay, it is impossible to decipher when a cause of action might

---

[3] Even if Tovrea's fraud claim was not time-barred, he has failed to allege any reliance or proximately caused injury resulting from a misrepresentation by Phoenix in when the thirty days for response began to run.

have accrued from Tovrea's pleadings. Tovrea does not assert the time or place of the alleged false representation, as required by the Federal Rules in pleading fraud with particularity. Commercial Property Investments, Inc., 61 F.3d at 644. Tovrea's complaint only states: "That the CEO of Defendant Phoenix, told Plaintiff Philip Tovrea that his rescission was timely received and that they would refund Plaintiff's money soon." These allegations are conclusory and insufficient to meet the fraud pleading requirements. Similarly, these allegations are insufficient to show that the limitations period is tolled.

Tovrea's complaint does not state a claim for common-law fraud, nor can any reading of his complaint fulfill the requirement that fraud be plead with particularity. Tovrea's conclusory allegations of fraud are either time-barred -- as he admits his state and federal securities fraud claims are -- or insufficiently plead. Not until he had to concede that the statutory claims were time-barred did Tovrea even attempt to argue that he had a claim for common-law fraud. There is no genuine issue for trial, as all claims are barred by the statute of limitations. Defendant's motion for summary judgment will be granted and this case will be dismissed in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#47] is granted.

A separate judgment in accord with this memorandum and order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated 26th day of October, 2006.